VASON & DAVIS, for plaintiff in error.

W. A. HAWKINS, for defendant.


SMALLWOOD P. ALLISON, trustee, plaintiff in error, *vs.* ABRAHAM K. ALLISON, *et al.*, defendants in error.

Smallwood P. Allison *et al.*, filed a bill against Abraham K. Allison *et al.*, lost his cause on the trial, and sued out a writ of error, within thirty days from the trial. The bill of exceptions recited that complainants "read the bill and proceeded to introduce evidence in support and proof of the allegations in said bill as to the contract, the payment alleged in the bill, the value of the improvements and rents, and closed their case ; the defendants read the answers and introduced testimony denying the contract, the payment of the amount of money alleged in the bill, and as to the value of the improvements, and of the rents," etc., and closed their case."

It set out certain parts of the charge of the Court, etc., and stated that "complainants excepted thereto." It averred that complainants moved to set aside the verdict, and grant a new trial, "upon the ground that certain of the jury were not legally qualified jurymen," which motion "was supported by the affidavits of the complainants and their attorney, in which they positively deny that they had any knowledge of the facts therein stated, or that they had suspected any person not legally qualified was on said pannel of jurors, until after the verdict." The bill of exceptions concluded as follows: "Which motion was overruled by the Court, and the complainant excepted and now assigns said judgment, overruling the motion, as error, and say that the Court erred in deciding that it was too late to object to said jurors after the trial of said cause."

McCAY, J., dissented in this cause, on the ground that the evidence had nothing to do with the error assigned, to-wit: that it was too late to make the motion.

FIELDER & JONES, E. L. DOUGLASS, for plaintiffs in error.

A. HOOD, W. D. KIDDOO, JOHN T. CLARK, for defendants.